IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KAUANNA J. ROBINSON,<br>　　　Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | No. 3:26-CV-1018-K-BW |
| CEDAR HILL INDEPENDENT<br>SCHOOL DISTRICT, et al.,<br>　　　Defendants. | §<br>§<br>§<br>§ | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court is the amended Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), filed on April 8, 2026.  (Dkt. No. 9.) Based on the relevant filings and applicable law, the Court should **DENY** the application and dismiss this case without prejudice unless Plaintiff Kauanna J. Robinson pays the $405 filing fee by **May 15, 2026**, or by some other deadline established by the Court.

## I.  LEGAL STANDARDS AND ANALYSIS

Under 28 U.S.C. § 1915(a)(1), a federal district court may authorize a person to bring a civil action in forma pauperis ("IFP") when she submits an affidavit establishing her financial inability to pay or give security for applicable court fees "without suffering undue financial hardship."  *Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988).  To determine whether the payment of fees would cause undue

---

[1] By Special Order No. 3-251, this pro se case has been automatically referred for full case management.

financial hardship, the Court must examine the applicant's financial condition. *See id.* "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Id.* In addition to requiring an applicant to complete a financial affidavit in support of her request to proceed IFP, the Court may also "look to where the litigant's reported income is in relation to applicable poverty guidelines." *Moates v. Biden*, No. 6:22-CV-00626-ADA-JCM, 2022 WL 3566451, at *1 (W.D. Tex. June 29, 2022).

Here, Robinson states that her average monthly income during the past 12 months was $2,800 from self-employment and that she expects the same amount next month. (*See* Dkt. No. 9 at 1-2.) She reports one adult dependent, a total of $63 in checking and savings accounts, and a car valued at $9,500. (*See id.* at 2-3.) She reports monthly expenses of $300 for rent, $280 for utilities, $400 for food, $175 for clothing, laundry, and dry cleaning, $315 for transportation, $125 for recreation and entertainment, $315 for motor vehicle payments, $1,250 for credit card expenses, and $900 for "[r]egular expenses for operation of business, profession, or farm[.]" (*Id.* at 4-5.)

Based on this information, the Court should find that Robinson has failed to show that payment of the $405 filing fee would cause her undue financial hardship. For the 12 months preceding the filing of her IFP application, Robinson's self-reported monthly household income was $2,800, which nets a yearly household income of $33,600. (*See id.* at 2.) This amount is above the federal poverty guideline for a household of two. *See* Annual Update of the HHS Poverty Guidelines, 89 Fed.

Reg. 2961 (Jan. 17, 2024) (setting an annual income of $20,440 as the poverty threshold for a household of two in the 48 contiguous states and the District of Columbia).  Further, although her reported monthly expenses exceed her reported monthly income, she has other assets and some of her reported monthly expenses appear, without explanation, to be discretionary or excessive.  (*See id.* at 4 (listing monthly expenses of $315 for transportation, $175 for clothing and laundry, $125 for recreation, $1,250 for credit card expenses, and $900 for regular business expenses)); *see, e.g.*, *Dobbins v. Kroger Co.*, No. 3:08-CV-1206-N, 2009 WL 186141, at *2 (N.D. Tex. Jan. 23, 2009) (denying IFP application because, among other things, certain expenses "appear[ed] excessive without further detailed explanations"); *Ramsey v. NFI Indus.*, No. 3:21-CV-3217-S-BH, 2022 WL 707234, at *1 (N.D. Tex. Feb. 18, 2022) (treating recreation and credit card expenses as discretionary).

Accordingly, the Court should deny Robinson's IFP application.

## II.  RECOMMENDATION

The Court should **DENY** the amended Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form), filed on April 8, 2026 (Dkt. No. 9), and dismiss this case without prejudice unless Robinson pays the $405 filing fee by **May 15, 2026** or by some other deadline established by the Court.

**SO RECOMMENDED** on April 14, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

3

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

4